IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TOCCARA YVONNE PULLER,

     Plaintiff,

v.                                           Civil Action No. **3:24cv305**

**LT. GARCIA,** *et al.,*

     Defendants.

**MEMORANDUM OPINION**

Toccara Yvonne Puller, a former Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983.[1] By Memorandum Order entered on May 12, 2026, the Court directed Puller to file a particularized complaint because, *inter alia*, Puller's complaint failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. (ECF No. 38, at 1–2 (citation omitted).)[2] Puller filed her particularized complaint. (ECF No. 39.) The matter is now before the Court on a motion to dismiss filed by Lt. Garcia and Lt. Howerton, (ECF No. 54), and the Court's screening obligations under 28 U.S.C. § 1915(e)(2).[3] The action

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court lightly corrects the punctuation, spelling, and capitalization in the quotations from the particularized complaint.

[3] In addition to Lieutenants Garcia and Howerton, Puller names Elizabeth "Beth" Arthur, the Director of the Arlington County Detention Center ("ADC"), as a defendant. Puller

will be DISMISSED because Puller fails to articulate how each defendant personally participated in the deprivation of her rights.

## I. Standard of Review

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see id.* § 1915A(b). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citation omitted); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

erroneously refers to Arthur as "Beth Author" in the particularized complaint. Puller has not served Director Arthur. Because Puller fails to adequately state a claim against her, however, the Court will dismiss all claims against her pursuant to 28 U.S.C. § 1915(e)(2).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556).

In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his] claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (first citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); and then *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations

Puller alleges that, when incarcerated in the ADC, her rights were violated when

a rape that occurred with chloroform gas where Ms. Puller contracted multiple serious sexually transmitted diseases within 6 weeks after having her baby while in

3

custody[,] JP (2022) [the name of Puller's son]. Puller reached out to staff sheriff Lt. Garcia and Lt Howerton. Lt. Garcia gave Ms. Puller a shower. Lt. Howerton nodded his head no several times once a prompt [Prison Rape Elimination Act ("PREA")] report and investigation was sought by Ms. Puller while in crisis cell #3, floor 11A, on the approximate date Sept. 19th, 2022 to Sept[.] 20th, 2022, by defendants at Arlington County Detention Center, while being housed as a hotel chain in custody there as a [Virginia Department of Corrections ("D.O.C.")] offender. *See* Exhibit A, Exhibit C.

3. Plaintiff's due process was violated when she was transferred to Central State Hospital for sexually transmitted disease treatment on September 23, 2022 to October 4th, 2022. Plaintiff Puller was not released from state custody after discharge planning was denied and Plaintiff served a 2 year, 7 month sentence @ Arlington County Detention Center as a D.O.C. offender on 11-16-2022. *See* Exhibit B, Exhibit C.

4. Plaintiff Puller has medical documentation of the diagnosis from Doctor Swan. Plaintiff was prescribed sexually transmitted medication from a visual exam and a pap smear, test results were never revealed from lab corp after the report of the rape and sexual assault with chloroform gas due to Plaintiff being unconscious when it occurred as stated. *See* Exhibit A.

5. Plaintiff has experienced seizures and night tremors with chronic PTSD due to the high dose of chloroform gas at Arlington County Detention Center being used to commit these sexual assaults and rapes multiple times especially once Puller contracted sexually transmitted diseases from September 2022 to November 16, 2022, while housed at a hotel chain there at Arlington County Detention Center and to Fluvanna Correction Center in Troy, VA as a D.O.C. offender at this time. *See* Exhibit A, Exhibit C.

Section 1

a. The rights violated to Plaintiff Puller are constitutional right Amendment 6th - Defendants liable are Beth Author [sic], Lt. Garcia, Lt. Howerton under the 1983 statute and for not releasing Ms. Puller from custody at Arlington County Detention Center violating her due process.
Paragraph assertion: #2, 3, 4, 5.

b. The rights violated to Plaintiff Puller are constitutional right and Amendment 8th. Defendants liable are Beth Author [sic], Lt. Garcia and Lt. Howerton under the 1983 statute and imposing cruel and unusual punishment and excessive force for denial of PREA and use of chloroform gas multiple time during her incarceration as discovered.
Paragraph assertion #2, #3, #4, #5

c. The rights violated by Plaintiff Puller are constitutional right and Amendment 14th. Defendants liable are Beth Author [sic], Lt. Garcia, Lt. Howerton under the 1983 statute and imposing deprivations to Puller's person of life, liberty, or property without due process of law and denying to Puller's person with her jurisdiction the equal protection of the laws.

(ECF No. 39, at 1–4.)

4

### III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Puller's theory for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims") (citing *Neitzke*, 490 U.S. at 324). To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted *personally* in the deprivation of the plaintiff['s] rights. *Vinnedge v. Gibbs*, 550 F. 2d 926, 928 (4th Cir. 1977) (emphasis added) (internal quotation marks omitted). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given [to] pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)).

Puller alleges no facts that plausibly tie the named defendants to her claims that she was improperly detained beyond her release date, had chloroform gas used against her person, or was subjected to unconstitutional conditions of confinement. Accordingly, all claims against Howerton and Garcia will be DISMISSED WITHOUT PREJUDICE.

## IV.  Conclusion

Puller has requested that the Court send her copies of any documents filed with the Court after April 22, 2026.  No such documents were filed.  Accordingly, Puller's request for documents (ECF No. 65) will be DENIED as unnecessary.

The motion to dismiss, (ECF No. 54), will be GRANTED.  Puller's claims, and the action, will be DISMISSED.  The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 2 June 2026
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

6